UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:07CV171-J

CARESSIA COMBS                                                                 PLAINTIFF

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff Caressia Combs seeks Disability Insurance and Supplemental Security Income Benefits which were denied by the Commissioner.  This matter was referred to United States Magistrate Judge W. David King who recommends that the final decision of the Commissioner be affirmed and the plaintiff's Complaint dismissed.

Plaintiff has timely filed objections to the Magistrate's Report, arguing that the ALJ failed to provide "good reasons" for rejecting the disabling opinions of long-term treating psychiatrist Dr. Ron Kelley.  Claimant insists that the reasons given for rejecting Dr. Kelley's opinions are vague and inaccurate, and that the magistrate judge undertook to supply alternative rationales – separate from those stated by Judge Schum – to justify the denial.  In objecting to the Magistrate Judge's Report, the claimant points out several misstatements regarding Dr. Kelley's functional capacities evaluation, particularly that it provided only a snapshot assessment that would not satisfy the one year duration requirement.  The Court's review of the document does reveal that the assessment is dated from May 20, 2004 to October 10, 2005, that Dr. Kelley indicated an affective disorder of at least two years' duration, and noting a "current history of one or more years' inability to function outside a highly supportive living arrangement."  To the extent that the Magistrate Judge's Report

discounts Dr. Kelley's functional capacity evaluation report for lacking the durational requisites, the Court declines to adopt that portion of the Magistrate Judge's Report.

The claimant's case falls short when analyzed under the treating physician rule, which dictates that the opinions of a treating physician are entitled to controlling weight only if they are well-supported by medically acceptable clinical and laboratory diagnostic techniques and are not inconsistent with the other substantial evidence in the record.  The ALJ declined to give controlling weight to the treating psychiatrist's disabling opinions because they are "inconsistent with the record as a whole" and because they fail to consider the claimant's alcohol consumption through 2004 and her drug use.  The ALJ also noted in his rationale that Ms. Combs had no difficulty maintaining concentration and answering questions appropriately during the hearing. Admittedly, the transcript of the claimant's testimony does reveal some confusion regarding dates. However, that fact alone does not discredit the ALJ's opinion that overall she was able to answer questions appropriately.

While the ALJ could have spelled out more clearly his reasons for declining to give controlling weight to Dr. Kelley's opinions, the Court finds that Dr. Kelley's assignment of marked and extreme mental limitations are not fully supported by objective evidence or other evidence in the record under the first prong of the treating physician rule.  With regard to the second prong, the ALJ found that the plaintiff visits private clubs, restaurants, friends and relatives, shops at the grocery store daily, does housework, and prepares some meals (TR 18).  It was not error for the ALJ to decline to give controlling weight to Dr. Kelley's disabling assessment.

In summary, this Court has conducted a de novo review of the entire record and finds that with the exceptions noted above, the analyses and conclusions of the Magistrate Judge mirror those of the undersigned.  The Court adopts the Magistrate Judge's Report and Recommendation in lieu

of writing a separate opinion.

Accordingly, IT IS ORDERED:

1)      The Magistrate Judge's Report and Recommendation is ADOPTED, and those

findings and conclusions are incorporated by reference herein;

2)      The final Decision of the Commissioner denying benefits is AFFIRMED; and

3)      Plaintiff's Complaint is DISMISSED, with prejudice.

This is a final and appealable Memorandum Opinion and Order, and there is no just cause

for delay.